UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
**SENTRY INSURANCE A MUTUAL
COMPANY,**

                            **Plaintiff,**             MEMORANDUM
                                               AND ORDER

       -against-

                                                        10-CV-347 (ENV)

**BRAND MANAGEMENT INC.,**
*also known as*
**Budget Services, Inc.,**

                            **Defendant.**
------------------------------------------------------------x
**SENTRY INSURANCE A MUTUAL
COMPANY,**

                            **Plaintiff,**

                    -against-                                              11-CV-3966 (ENV)

**BUDGET SERVICES, INC., et al.,**

                            **Defendants.**
------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

      Currently pending before this Court is a motion by plaintiff Sentry Insurance A Mutual Company ("plaintiff") for an award of $11,771 in attorney's fees and costs against Budget Services, Inc. ("Budget") and Hershel Weber ("Weber") (collectively, the "Budget Defendants"). <u>See</u> Letter Motion for Attorney Fees (Aug. 27, 2012) ("Pl. Mot."), Electronic Case Filing ("ECF") Docket Entry ("DE") #145. Plaintiff's application arises out of a August 10, 2012 Memorandum and Order, in which this Court held that plaintiff was entitled to recover the fees and costs it had incurred as a result of the Budget Defendants' failure to comply with their discovery obligations. <u>See</u> Memorandum and Order (Aug. 10, 2012) ("8/10/12 M&O") at 11,

DE #137. The Court directed the parties to confer regarding a reasonable amount of fees and costs, see id., but the parties were unable to reach agreement. Accordingly, plaintiffs filed the instant motion, which the Budget Defendants oppose. See Response in Opposition to Motion for Attorney Fees (Sept. 6, 2012) ("Def. Opp."), DE #150.

For the reasons stated below, the Court grants plaintiff's motion in part only, in the amount of $6,570 in fees and costs.

## **BACKGROUND**

These cases arise out of two Workers' Compensation policies (the "Policies") that plaintiff issued to Budget and a related entity called Brand Management, Inc. ("Brand"), which is the defendant in the first-filed of these two consolidated actions.[1]

On March 30, 2012, Sentry moved for sanctions and a compulsion order against the Budget Defendants as a result of their failure to comply with their discovery obligations arising out of a February 1, 2012 Order ("2/1/12 Order"), DE #32 in Budget Action, 11-CV-3966. See 8/10/12 M&O at 8-11. The Court's 2/1/12 Order had directed the Budget Defendants to provide, *inter alia*, documents pertaining to non-party entities that were associated with defendant Weber and that were insured under the Policies. Following the filing of Sentry's motion for sanctions, the Budget Defendants belatedly turned over documents, but only a modest amount. See Response in Opposition (Apr. 11, 2012), DE #83.

In replying to the Budget Defendants' opposition to that motion, plaintiffs argued that the

---

[1] Unless otherwise indicated, all ECF references in this Memorandum and Order relate to the docket in the first action, Sentry v. Brand Management, 10-CV-347 (ENV) (hereinafter, the "Brand Action"). Although the instant motion relates to the second-filed action, Sentry v. Budget, 11-CV-3966 (ENV) (hereinafter the "Budget Action"), the two cases have been consolidated, and plaintiff therefore filed its motion in the Brand Action.

Budget Defendants' untimely production "remain[ed] sufficiently deficient." See Reply to Response to Motion (Apr. 17, 2012) ("4/17/12 Pl. Reply") at 2, DE #107. To substantiate the inadequacy of the production, plaintiffs submitted a declaration by Irving Schwarzbaum ("Schwarzbaum"), a CPA retained by plaintiff as a potential trial expert on the issue of alter ego liability. See id. at 2; Declaration of Irving Schwarzbaum (Apr. 16, 2012) ("Schwarzbaum Decl."), DE #107-1. To this end, Schwarzbaum compared checks and bank statements (produced by the Budget Defendants) with financial schedules (also produced by the Budget Defendants) that purportedly listed all payments made by Budget to certain entities. See 4/17/12 Pl. Reply at 2-3. Based on this comparison, Schwarzbaum concluded that there were several inconsistencies between the payments reflected in the schedules and the payments reflected in the checks and bank statements. See id. at 3. As a result of these inconsistencies, Schwarzbaum concluded that the production was "substantially incomplete." See Schwarzbaum Decl. ¶ 14.

In its 8/10/12 M&O, the Court found that the Budget Defendants had willfully violated the 2/1/12 Order and awarded Sentry the reasonable attorney's fees and costs it had incurred as a consequence of defendants' noncompliance. See 8/10/12 M&O at 11. The parties thereafter attempted to informally resolve the issue of the amount of reasonable fees and costs owed to plaintiff but were unsuccessful in that endeavor. The pending fee application ensued.

## DISCUSSION

In a two-page letter devoid of case citations, plaintiff seeks a total award of $11,771, which represents $10,066 in attorney's fees and $1,705 in expert fees for Schwarzbaum. See Pl. Mot. at 1. In support of its application, plaintiff submits contemporaneous time records, showing the nature of the work performed by counsel and the amount of time spent, along with an invoice

from Schwarzbaum. See N.Y.S. Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1148 (2d Cir. 1983). In opposition, the Budget Defendants request that the Court deny the fee application in its entirety because plaintiff failed to submit an attorney affidavit, detailing, *inter alia*, the experience and qualifications of the attorneys who worked on the matter. See Def. Opp. at 2-5. Plaintiff chose not to file any submission in reply.

In considering an application for attorney's fees and costs, the Court must determine the presumptively reasonable fee. See Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany, 522 F.3d 182, 183–84 (2d Cir. 2008). Essentially, "[t]he presumptively reasonable fee boils down to what a reasonable, paying client would be willing to pay, given that such a party wishes to spend the minimum necessary to litigate the case effectively." Simmons v. N.Y.C. Transit Auth., 575 F.3d 170, 174 (2d Cir. 2009) (citing Arbor Hill, 522 F.3d at 190) (internal quotations omitted).

To ascertain the presumptively reasonable fee, or lodestar,[2] the Court must determine a reasonable hourly rate for the legal services performed, using factors such as the labor and skill required, the difficulty of the questions, the attorney's customary hourly rate, and the experience, reputation and ability of the attorney. See Arbor Hill, 522 F.3d at 186 n.3, 190. In assessing the hourly rate, courts typically consider rates awarded in the district in which the reviewing court sits, or what is known as the "forum rule." See Simmons, 575 F.3d at 174-75 (recounting history of forum rule). In order to overcome the forum rule's presumption, "a litigant must persuasively establish that a reasonable client would have selected out-of-district counsel because doing so

---

[2] See generally Perdue v. Kenny A. *ex rel.* Winn, 559 U.S. 542, 130 S.Ct. 1662, 1673 (2010); Shim v. Millennium Grp., 08-CV-4022, 2010 WL 2772493, at *2 n.3 (E.D.N.Y. June 21, 2010).

would likely (not just possibly) produce a substantially better net result." Id. at 175.

Once the Court determines the reasonable hourly rate, it must then multiply that rate by the reasonable number of hours expended, in order to determine the presumptively reasonable fee. See Arbor Hill, 522 F.3d at 190. In any event, "[a] fee award should be based on a scrutiny of the unique circumstances of each case . . . ." McDaniel v. Cnty. of Schenectady, 595 F.3d 411, 426 (2d Cir. 2010) (citation and quotation omitted).

I. **Reasonable Hourly Rate**s

As an initial matter, plaintiff's failure to submit an attorney affidavit in connection with its fee application, does not, without more, bar plaintiff from recovering any fees in this matter. See Gen. Motors Corp. v. Villa Marin Chevrolet, Inc., 240 F.Supp.2d 182, 188 (E.D.N.Y. 2002) ("Although no affidavit was submitted to detail the experience and expertise of those attorneys, the court finds that those rates are within acceptable limits for attorneys with one to five years of experience."). Rather, where a court lacks relevant background and/or experience information for an attorney, the court often reduces that attorney's fees on that basis, but does not deny a fee award altogether. See Bd. of Trs. of UFCW Local 342 Pension Fund v. Merrick Associated Mkt., Inc., No. Civ. 11-4310 (DRH)(AKT), 2012 WL 4049845, at *6 (E.D.N.Y. Aug. 21, 2012), adopted, 2012 WL 4049996 (E.D.N.Y. Sept. 13, 2012); Fuerst v. Fuerst, No. 10-CV-3941, 2012 WL 1145934, at *3 (E.D.N.Y. Apr. 5, 2012) (court reduced rate of attorney described only as "senior associate," from $395 per hour to $250 per hour); Penberg v. Healthbridge Mgmt., No. 08 CV 1534(CLP), 2011 WL 1100103, at *6 (E.D.N.Y. Mar. 22, 2011) (reducing requested hourly rate, "in the absence of any information regarding [the attorney's] qualifications and experience"); see also Carco Grp., Inc. v. Maconachy, — F.3d —, 2013 WL 2157875, at *3, *11

(2d Cir. May 21, 2013) (where attorney affidavit is provided but omits background information on certain lawyers, it is within court's discretion to deny or modify those fees), aff'g in relevant part, 2011 WL 6012426 (E.D.N.Y. Dec. 1, 2011).  Therefore, the Court will take plaintiff's failure to submit an affidavit into consideration in assessing the reasonableness of the requested fees, but will not deny plaintiff's motion for that reason alone.

Courts in this District have recently concluded that the following ranges of hourly rates were reasonable: $300 to $450 per hour for partners, $200 to $300 for senior associates, and $100 to $200 for junior associates.  See Hugee v. Kimso Apartments, LLC, No. 11-CV-4996 (JG) (RER), 852 F.Supp.2d 281, 298-99 & n.17 (E.D.N.Y. 2012) (collecting cases); Carco Grp., 2011 WL 6012426, at *3; see also Konits v. Karahalis, 409 F. App'x 418, 422-23 (2d Cir. Feb. 2, 2011) (district court did not abuse its discretion in finding that the prevailing hourly rate for experienced attorneys in the Eastern District of New York was between $300 and $400).  "The burden rests with the prevailing party to justify the reasonableness of the requested rate."  Hugee, 852 F.Supp.2d at 298 (internal quotations and citation omitted).

In its application, plaintiff requests that partner Stephen Harris ("Harris") be compensated at an hourly rate of $500.  See Pl. Mot. at 2.  This request is beyond the accepted range of rates for partners in the Eastern District.  Moreover, save for the title of "partner," no information is provided with respect to how many years Harris has been practicing, or whether he has any specialized experience litigating claims of the kind at issue in these actions, that might otherwise justify a reasonable paying client retaining Harris at this higher rate.  Nor has the representation provided by Harris been so exceptional as to warrant a premium rate.  For these reasons, the Court recommends awarding Harris at the lower end of the partner rate range, or $300 per hour.

As for associate Lionel Weaver ("Weaver"), plaintiff seeks $280 per hour -- a rate reserved for skilled senior associates. See Ferrara v. Prof'l Pavers Corp., No. 11-CV-1433 (KAM)(RER), 2013 WL 1212816, at *5 (E.D.N.Y. Mar. 23, 2013) (acceptable range for senior and juniors associates is $200-$300 and $100-200, respectively) (collecting cases). As with Harris, plaintiff has provided the Court with no information as to Weaver's background or experience, beyond the fact that Weaver is an "associate." See Pl. Mot. at 2. Indeed, according to the Budget Defendants, one cannot discern from plaintiff's submissions whether associate Weaver "has been in practice 1 month or as much as 5, 10 or more years," see Def. Opp. at 4, although the Court notes that Weaver has been practicing at least since April 2012. See Notice of Appearance (Apr. 20, 2012), DE #109. As plaintiff has failed in its burden to establish Weaver's experience, the Court will accordingly reduce his rate to $200 per hour. While this is not the lowest rate available in the "associate" range, Weaver ably handled the bulk of attorney work in this matter in the face of a dilatory adversary, which required, at a minimum, the skill of an associate with *some* experience.

In addition to an award of attorney's fees, plaintiff also moves to recover the fees incurred through the use of its accounting expert, Schwarzbaum. See Pl. Mot. at 2. Although plaintiff requests an hourly rate of $275, plaintiff's application is silent as to Schwarzbaum's experience, and cites no case law establishing that $275 per hour is a reasonable rate for an accounting expert in this district. "When the reasonableness of an expert's fees is not fully explained, the Court may exercise its discretion to determine a reasonable fee." Penberg, 2011 WL 1100103, at *15 (collecting cases). Therefore, the Court recommends, in its discretion, that plaintiff be reimbursed for Schwarzbaum's time at a rate of $100 per hour. See Carco Grp., 2011 WL

6012426, at *7 (where party provided no information concerning qualifications of accounting consultant or any legal authority in support of requested rate, court awarded consultant hourly rate of $100).

## II.     Reasonable Number of Hours

In support of its claimed hours, plaintiff has submitted contemporaneous time records. See generally Attorney Time Records.[3]  Because Weaver handled the bulk of the work, he billed 28.2 hours in this matter, while Harris billed 3.5 hours.  See Pl. Mot. at 2.  While the hours spent on this matter are not wholly unreasonable, especially in light of the Budget Defendants' evasive conduct in discovery, the Court concludes that some reduction is warranted, as plaintiff has engaged in impermissible block billing.  See Attorney Time Records (Mar. 15, 2012); id. (Apr. 16, 2012).  Courts routinely reduce the number of hours for this practice, as it impedes the Court's ability to properly assess whether an attorney spent a reasonable amount of time on a particular task.  Penberg, 2011 WL 1100103, at *9 (collecting cases).  Moreover, here, where a block-billed entry includes work both related and unrelated to the current fee application, plaintiff has manually modified the time entry, so as to exclude time spent on the unrelated work. See Attorney Time Records (Apr. 11, 2013) (although block billed entry total was 3.5 hours, plaintiff indicates in red ink that the work relevant to this specific application constituted 0.50 hours); id. (Apr. 13, 2012) (claiming, in red ink, that only 2.5 hours out of block-billed entry for 4.2 hours was relevant to this application); see also Pl. Mot at 2 n. 5.  However, there is no explanation or justification for how plaintiff determined the amount of time devoted to the

---

[3]  Due to confidentiality concerns, plaintiff provided the Court with a hard copy of its time records in lieu of docketing them via ECF.  See DE #145-1 (explaining that time records would not be filed on ECF).

unrelated work. Presumably, plaintiff made an *ad hoc* estimate, which is precisely the reason courts find block billing to be a disfavored practice in fee applications. Therefore, the Court finds that a ten percent reduction in the number of hours is warranted, leaving Weaver with 25.4 hours and Harris with 3.1 hours. See Penberg, 2011 WL 1100103, at *8 (manual hour adjustments in block-billed entries "were clearly not kept contemporaneously and merely represent estimations prepared for the purposes of this motion," warranting ten percent reduction in number of hours).

As for plaintiff's accounting expert, Schwarzbaum spent 4.1 hours preparing a "memo" and documentation for his declaration, and another 2.1 hours reviewing and commenting on the declaration, for a total of 6.2 hours. See Schwarzbaum Time Records (Apr. 11, 2012); id. (Apr. 16, 2012). The Court finds this time unreasonable, inasmuch as the declaration was only four pages long and Schwarzbaum's hours were somewhat duplicative of Weaver's, as Weaver billed 5.7 hours for analyzing documentation and drafting Schwarzbaum's declaration. See Attorney Time Records (Apr. 14, 2012). Thus, the Court will reduce Schwarzbaum's hours by ten percent, to 5.6 hours.

## CONCLUSION

Multiplying the reduced rates by the reduced hours, the Court awards plaintiff $6,570 in attorney's fees and costs, representing $930 for Harris, $5,080 for Weaver and $560 for Schwarzbaum.

Any objections to this Memorandum and Order must be filed with the Honorable Eric N. Vitaliano on or before **July 1, 2013**. Failure to file objections in a timely manner may waive a right to appeal the District Court order.

The Clerk is directed to enter this opinion into the ECF system.

**SO ORDERED.**

**Dated:** **Brooklyn, New York**
**June 12, 2013**

/s/ *Roanne L. Mann*

**ROANNE L. MANN**
**UNITED STATES MAGISTRATE JUDGE**