UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
SENTRY INSURANCE A MUTUAL
COMPANY,

      Plaintiff,     **MEMORANDUM & ORDER**

  -against-        10-cv-347 (ENV) (RLM)

BRAND MANAGEMENT, INC., BUDGET  11-cv-3966 (ENV) (RLM)
SERVICES, INC., and HERSHEL WEBER,

      Defendants.
----------------------------------------------------------x

VITALIANO, D.J.,

On June 12, 2013, Magistrate Judge Roanne L. Mann filed an order granting an award of attorney's fees and costs in the amount of $6570 running to the benefit of plaintiff Sentry Insurance A Mutual Company ("Sentry"), to be paid by defendants Budget Services, Inc. ("Budget") and Hershel Weber, jointly and severally, as a sanction imposed in connection with a discovery dispute. Judge Mann imposed the sanction after the parties failed to agree on the reasonable amount of fees owed pursuant to her August 10, 2012 order of sanctions; defendants timely filed their objections.

## Background

On February 1, 2012, defendants were ordered by Judge Mann to supply certain documents in compliance with plaintiff's discovery requests.[1] Additionally,

---

[1] For additional background details, see the Order of this date adopting Judge Mann's Report and Recommendation that an order of preclusion be entered against

1

Weber was ordered to supply a sworn affidavit in connection with document production. (Mem. & Order, Mann, M.J., 11-cv-3966, Dkt. No. 37). After months of foot-dragging and noncompliance by defendants, Sentry moved for sanctions, among other relief, on March 30, 2012. (Pl. Mot., Dkt. No. 71). At or around that time, defendants' counsel had "advised [plaintiffs] that there were no additional documents to produce." (*Id.* at 2). Very much to the contrary, Judge Mann later found that defendants had provided only minimal production which was woefully inadequate. *See* (Mem. & Order, Mann, M.J. 11, Dkt. No. 137). Moreover, Weber had never filed a compliant affidavit concerning the completeness of document discovery as Judge Mann had also previously ordered. (Mem. & Order, Mann, M.J. 9–10, Dkt. No. 137). Finding that defendants had "willfully violated" her orders, on August 10, 2012, Judge Mann imposed a sanction of attorney's fees and costs in connection with Sentry's pursuit of compliance with Judge Mann's prior decrees. (Mem. & Order, Mann, M.J. 11, Dkt. No. 137). Optimistically, the parties were directed to confer regarding a reasonable award. When these discussions proved

---

defendants. Though the instant award of attorney's fees is related to the same overall ongoing discovery misconduct as the order of preclusion, Judge Mann first ordered the relief granted here some months before recommending further sanctions in her Report and Recommendation. That further sanctions followed is testament to the separate episodes of misconduct that also followed. In all, defendants have been sanctioned three times in this case: first, in the form of attorney's fees, on August 10, 2012, the amount of which was imposed by order of June 12, 2013 and affirmed here; second, for another round of attorney's fees, by Judge Mann's March 11, 2013 Report and Recommendation (the parties agreed, this time, to a reasonable amount); and third, for an order of preclusion, by the same Report and Recommendation, adopted by separate order today (relating to persistent misconduct following the misconduct that had resulted in the initial monetary sanctions).

futile, Judge Mann entered the instant sanction award.

## Standard of Review

A party may object to a magistrate judge's pretrial order on a nondispositive matter within 14 days of the order. Fed. R. Civ. P. 72(a). The Court "may reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). "An order is contrary to law 'when it fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" *Rathgaber v. Town of Oyster Bay*, 492 F. Supp. 2d 130, 137 (E.D.N.Y. 2007) (quoting *Catskill Dev., L.L.C. v. Park Place Entm't Corp.*, 206 F.R.D. 78, 86 (S.D.N.Y. 2002)). More specifically, "the magistrate judge's findings should not be rejected merely because the court would have decided the matter differently. Rather, the district court must affirm the decision of the magistrate judge unless the district court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *In re Comverse Tech., Inc. Derivative Litig.*, No. 06-CV-1849, 2006 U.S. Dist. LEXIS 88261, at *7 (E.D.N.Y. 2006).

## Discussion

The bulk of defendants' objection to Judge Mann's award focuses on Judge Mann's leniency with respect to enforcing the Local Rules of this Court in her consideration of Sentry's application for fees. Particularly, defendants fault Sentry—and thereby seek to undermine Judge Mann's order—for failing to include a notice of motion, memorandum of law, and affidavits in support of its application. (Def. Mem. 3, Dkt. No. 193). While defendants cite Local Rule 6.1(a), which relates

chiefly to the timing of filings, the Court notes that Local Rule 7.1(a) provides, in relevant part:

> (a) Except as otherwise permitted by the Court, all motions shall include the following motion papers:
> (1) A notice of motion, or an order to show cause signed by the Court, which shall specify the applicable rules or statutes pursuant to which the motion is brought, and shall specify the relief sought by the motion;
> (2) A memorandum of law, setting forth the cases and other authorities relied upon in support of the motion, and divided, under appropriate headings, into as many parts as there are issues to be determined; and
> (3) Supporting affidavits and exhibits thereto containing any factual information and portions of the record necessary for the decision of the motion.

Judge Mann herself took note of Sentry's failure to provide these materials, but found that Sentry had provided enough information in its application for her to proceed in determining the "presumptively reasonable fee" required by law. (Mem. & Order, Mann, M.J. 4, Dkt. No. 192); *see Simmons v. N.Y.C. Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009); *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 183–84 (2d Cir. 2008).

While not necessarily endorsing it, the Court does not criticize Judge Mann for her initiative, that is, for deciding, in this instance, not to insist on the letter of Local Rule 7.1(a) and receipt of all the formal papers it requires, when she believed she and the nonmoving parties were fairly and adequately apprised of the nature and basis of the application. In any event, "a district court has broad discretion to determine whether to overlook a party's failure to comply with local court rules", *Holtz v. Rockefeller & Co., Inc.*, 258 F.3d 62, 73 (2d Cir. 2001), and possesses "the

4

inherent power to decide when a departure from its Local Rules should be excused or overlooked." *Somlyo v. J. Lu-Rob Enterprises, Inc.*, 932 F.2d 1043, 1048 (2d Cir. 1991). In this case, it was well within Judge Mann's authority to permit parties to deviate from the Local Rules, which exist to aid the Court in maintaining an efficient docket, and making informed decisions amidst voluminous filings. Under these circumstances, there is no need and, since lawful, no right to second-guess a magistrate judge's legitimate exercise of discretion. A "definite and firm conviction that a mistake has been committed" is required to set such determinations aside. *In re Comverse Tech., Inc. Derivative Litig.*, 2006 U.S. Dist. LEXIS 88261 at *7. Particularly given this Court's own familiarity with the ongoing discovery disputes and numerous compliance orders precipitated in this case, the Court is by no means convinced that Judge Mann has erred. Just the opposite is true.

Interestingly, in stark contrast to their own noncompliance with the letter and spirit of discovery rules, defendants continue to press rigid hyper-technicalities in opposing the relief awarded Sentry, by taking issue with Judge Mann's calculation of fees without a supporting affidavit from Sentry. However, as Judge Mann noted, it is a common practice among judges in this district to proceed—with the guidance of applicable caselaw and customary practice—in calculating fees absent an affidavit attesting to an attorney's qualifications or rates. *See, e.g., Bd. of Trs. of UFCW Local 342 Pension Fund v. Merrick Associated Mkt., Inc.*, No. 11-cv-4310, 2012 WL 4049996 (E.D.N.Y. 2012); *Fuerst v. Fuerst*, No. 10-cv-3941, 2012 WL 1145934 (E.D.N.Y. 2012); *Penberg v. Healthbridge Mgmt.*, No. 08-cv-1534, 2011 WL 1100103 (E.D.N.Y. 2011). From Sentry's application, Judge Mann was able to

deduce the number of hours worked, and an approximation of the seniority of the lawyers involved in the litigation, and the "going rate" for such services in the Eastern District. This Court finds no error of law or fact in her calculations or determinations of relevant hourly rates, or the propriety of the monetary sanctions she imposed.

## Conclusion

For the foregoing reasons, the Court finds that the objection filed by Weber and Budget is without merit and it is overruled. The order of Judge Mann awarding attorney's fees and costs in the amount of $6570 is affirmed.

SO ORDERED.

Dated: Brooklyn, New York
October 12, 2013

s/ ENV

_____
ERIC N. VITALIANO
United States District Judge