```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
SENTRY INSURANCE A MUTUAL          :
COMPANY,                           :
                                   :
                    Plaintiff,     :   MEMORANDUM & ORDER
                                   :
     -against-                     :   10-cv-347 (ENV) (RLM)
                                   :
BRAND MANAGEMENT, INC., BUDGET     :   11-cv-3966 (ENV) (RLM)
SERVICES, INC., and HERSHEL WEBER, :
                                   :
                    Defendants.    :
-----------------------------------------------------------x
```

VITALIANO, D.J.,

On January 27, 2010, plaintiff Sentry Insurance A Mutual Company ("Sentry"), initiated this action against Brand Management, Inc. ("Brand"), alleging *inter alia* a breach of contract arising out of two workers' compensation insurance policies (the "policies") issued by Sentry to Brand and co-defendant Budget Services, Inc. ("Budget").[1] Brand appears to be a professional employer organization ("PEO"), which, among other things, provides workers' compensation coverage to client companies and handles claims on such coverage. *See* (Compl. ¶¶ 6–8, 11-cv-3966, Dkt. No. 1). In its filing of February 6, 2012, Sentry appears to seek an order directing that all responsibility and authority with respect to the handling of claims under the policies be vested in Sentry. For the reasons that follow, Sentry's application is denied.

---

[1] On August 17, 2011, Sentry brought a separate suit against Budget. (Compl., 11-cv-3966, Dkt. No. 1). This Court, finding the claims against Budget and Brand to be related, and arising from the same set of operative facts, consolidated the cases on January 19, 2012.

1

## Background

Sentry seeks an order "that Sentry may assume all claims handling under the [policies]." (Pl. Mot. Proposed Order, Dkt. No. 58). In an interesting explanation of the status quo, Sentry claims that it "has continually coordinated its efforts with Brand's claims adjusters, not out of any contractual obligation, but simply based on an understanding that Brand and Budget . . . [were] interested in assisting with claims handling in an effort to keep costs as low as possible." (Pl. Mem. 1–2, Dkt. No. 58). Sentry pegs its request for relief to its contention that defendants have engaged in "inappropriate or unfair claim management activities", and that Sentry retains the right to assume sole responsibility for claims handling. (*Id.* at 2). By Sentry's admission, however, neither the contractual terms of the policies, nor the casualty agreement executed by the parties, actually speak to the division of responsibility for claims handling. (Pl. Reply 2, Dkt. No. 60). Instead, Sentry points to a "Claims Handling and Responsibilities Summary" (the "summary"), allegedly sent from Sentry to Brand after the parties first contracted, which asserts, in relevant part, that, "[i]f Sentry determines that any inappropriate or unfair claim management activities are occurring we retain the right to immediately take over any and all actions and communications related to the ongoing management of the specific case as well as potentially other cases." (Pl. Mem. 2, Dkt. No. 58). Sentry's pronouncement was unilateral; plaintiff does not contend, as defendants confirm they did not, consent. (Def. Aff. ¶ 2, Dkt. No. 59).

## Discussion

Sentry does not formally proffer a legal basis for the relief it seeks, other than

to assert that "[f]ederal courts may invoke their equitable power in order to fashion a remedy." (Pl. Mem. 4, Dkt. No. 58). True enough, but a wrong to be righted is still required. With this hint, Sentry's request might best be viewed as an application for an injunction under Rule 65, directing specific performance by defendants to vindicate Sentry's claimed "right" to exclusively handle claims under the policies. At the same time, though, Sentry has made no effort to meet the full complement of requirements that Rule 65 sets.

Putting aside the application's failure to offer persuasive proof of widespread mismanagement, and the fact, Sentry asserts, that the claims are now being jointly handled, Sentry's application rests heavily on the content of the summary it conceived on its own, which purports to authorize Sentry to assume by fiat claims handling in the event of perceived misconduct by defendants. Again, there is no dispute that the contracts do not expressly include the terms set forth in the summary. Nonetheless, Sentry argues that the summary should be considered as extrinsic evidence "to fill in the missing terms" of claims handling, because the policies and casualty agreement are silent on that issue. It cites for support *Am. Home Products Corp. v. Key Pharmaceuticals, Inc.*, 615 F. Supp. 131 (S.D.N.Y. 1984). (Pl. Mem. 3, Dkt. No. 60). In particular, Sentry invokes the principle that "the parol evidence rule will permit the parties to offer extrinsic evidence of their intentions regarding an aspect of their agreement as to which their writing is silent or ambiguous." (*Id.*)

Certainly, parol evidence is admissible in various circumstances. That

argument standing alone is, however, tautological. Indeed, while parol evidence can be used to address silence in a contract, it is generally only permitted when the omitted term is essential to the contract. *Kirschten v. Research Institutes of Am., Inc.*, 94-civ-7947, 1997 WL 739587 at *7 (S.D.N.Y. 1997) ("when a contract is silent on a point that the parties dispute, evidence outside the language of the contract itself may be considered only if the point in issue is one that is 'essential' to the contract, *i.e.*, without which a contract could not be found."); *see also Henry L. Fox Co., Inc. v. William Kaufman Org., Ltd.*, 74 N.Y.2d 136, 142–43, 542 N.E.2d 1082, 544 N.Y.S.2d 565 (1989) ("Parol evidence is admissible only to connect the papers, not to establish missing terms of the agreement"); *Schmidt v. Magnetic Head Corp.*, 468 N.Y.S.2d 649, 654, 97 A.D.2d 151 (2d Dep't 1983) ("An omission or mistake in a contract does not constitute an ambiguity"). But, even in a case otherwise ripe for the admission of parol evidence, a document created by a party <u>after</u> execution of the contract would hardly qualify as parol evidence. In any case, a genuine fact dispute as to the meaning of the silence here would preclude summary determination, that is, whether the parties had, in fact, agreed to the terms set forth in the summary be included in the contracts they admittedly entered.

Sentry alternatively argues that the proffered parol evidence (the summary) is the belt that goes along with the suspenders and is actually not needed, since the understanding of the parties is plain enough and that the agreement should be interpreted in light of trade custom and practice, which is allegedly "for insurers, rather than the insured, to manage claims handling." (Pl. Reply 6, Dkt. No. 60). Put

4

another way, Sentry asks to consider extrinsic evidence (custom and practice of the trade) to show intent—a cul-de-sac with a different name. When any kind of evidence beyond the four corners of the agreement is required, the intent of the parties remains a question of fact not ordinarily suitable for summary resolution. This is especially so in light of the undisputed fact that the parties have been handling claims jointly all along, that is, in degradation of the claimed custom and practice. *See, e.g.*, (Pl. Mem. 1–2, Dkt. No. 58 (parties coordinated handling because "Brand and Budget . . . [were] interested in assisting with claims handling in an effort to keep costs as low as possible."); (Compl. ¶ 9, 11-cv-3966, Dkt. No. 1) ("Brand also sought to control claims handling . . . .")).

Whether with or without the admission of parol or extrinsic evidence, absent trial of the facts in dispute, the Court can make no declaration with respect to the applicability of the provisions outlined in the summary. Nor can the Court determine the validity, on this record, of Sentry's charges that Brand and/or Budget have improperly handled any claims to a degree triggering Sentry's alleged right to assume full control of claims handling, as it argues the provisions of the summary authorize it to do. *See Schering Corp. v. Home Ins. Co.*, 712 F.2d 4, 9 (2d Cir. 1983) (delaying resolution of a dispute of interpretation on insufficient facts). Definitively, there is no basis to support an order compelling defendants to discontinue claims handling at this juncture.

## Conclusion

For the foregoing reasons, Sentry's motion to declare that it has a contract

right to assume all claims handling, and to order defendants to permit it to do so, is denied without prejudice to Sentry's right to seek such relief upon its proper showing that there are no material issues of fact in dispute or at trial.

**SO ORDERED.**

Dated:   Brooklyn, New York
         October 12, 2013

                                          s/ ENV
                                          _____
                                          ERIC N. VITALIANO
                                          United States District Judge